**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **26-11144-FDS** |
| **CITY OF LAWRENCE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

**SAYLOR, J.**

*Pro se* plaintiff "Jane Doe," who has not provided her true name, has filed a civil complaint against the City of Lawrence, the Merrimack Valley Transit Authority ("MEVA"), the Lawrence Police Department, unknown Lawrence Police Officers, and LAZ parking, alleging that they unlawfully prohibited her from boarding the MBTA commuter rail, improperly forced her to leave the McGovern Transportation Center in Lawrence, and harassed her.

Plaintiff has also filed a motion for leave to proceed *in forma pauperis* and a motion to seal this case. In the latter motion, Plaintiff states:

> Plaintiff request[s] the court to file this action under seal due to the continuing nature of the conduct and its gravity. The plaintiff is experiencing retaliation by several unknown actors, and is concerned about the effects of the release of this sensitive information. She is attempting to locate the source of the retaliation, which is random at this time, including stalkers following her to the transportation center repeatedly, threatening her, while police refuse to report the continued course of conduct.

ECF 3.

The motion to seal will be denied. The public has a presumptive right to judicial records. *See Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022). Although "it is within a court's

discretion to curtail the common law presumption of public access, '[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (alteration in original) (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410) (1st Cir. 1987)).  Here, plaintiff has not provided a compelling reason to seal the case.

Furthermore, there is a "strong presumption against the use of pseudonyms in civil litigation." *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 67 (quoting *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022)), and "[t]he party seeking pseudonymity bears the burden of rebutting the strong presumption against it." *Id.* at 73.  This case does not present circumstances warranting the use of a pseudonym.

For the foregoing reasons:

1. The motion to seal is DENIED.

2. The motion for leave to proceed *in forma pauperis* is DENIED without prejudice to its renewal.

3. If plaintiff wishes to proceed with this action, she must, within 35 days (that is, by September 14, 2026):

   (a) resolve the filing fee by either (1) paying the $405 filing fee or (2) filing an Application to Proceed in District Court Without Prepaying Fees or Costs, signed under her true name; and

   (b) file an amended complaint under her true name.

Failure to do so will result in dismissal of this action.

**So ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  August 10, 2026                United States District Judge

2